IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

  v.

**KENNETH J. HAMMIT,**
SSN: \*\*\*-\*\*-9427

      Defendant.

      And

**HAMILTON COUNTY AUDITOR,**

      Garnishee.

: CASE NO. 1:00-CV-0175
: JUDGE MICHAEL BARRETT
: MAGISTRATE JUDGE WEHRMAN

## AMENDED[1] REPORT AND RECOMMENDATION RECOMMENDING THE DISTRICT COURT GRANT THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WRIT OF CONTINUING GARNISHMENT

The United States of America has filed an Application for Writ of Continuing Garnishment. (the "Application"). (Docs. 12, 14.)[2] Defendant Kenneth J. Hammit ("Defendant" or "judgment debtor") has not filed an objection. This Application has been referred to the undersigned for a Report and Recommendation as to the disposition of the Application. For the reasons set forth, it is **RECOMMENDED** that the Application be **GRANTED**.

Title 28 of the United States Code, Section 3205 sets forth the requirements that must be included in a writ of garnishment. *See* 28 U.S.C. § 3205(b)(1). Per this statute, an application must include: (1) the judgment debtor's name, social security number, and last known address; (2)

---

[1] Through clerical error, the objection notification located at the end of this Report and Recommendation was inadvertently excluded from the Report and Recommendation filed on May 9, 2018. (Doc. 15.) The addition of this notification is the only change in this Amended Report and Recommendation.
[2] The United States of America filed an Amended Application for a Writ of Continuing Garnishment (Doc. 14) on April 9, 2018. The Application is substantively the same and merely corrects a typographical error in paragraph 1.

"the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due;" and (3) "that the garnishee is believed to have possession of property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest." *Id.* at (A)-(C).

Review of the Application confirms that it includes all necessary information. It sets forth the name and necessary information of the judgment debtor, and it describes the nature and amount of the debt. (Doc. 12, ¶¶ 1-3.) It further describes that the last demand for payment was made on March 10, 2017—more than thirty days from the filing of the Application—and that the judgment debtor has failed to pay the amount owed. (*Id.* at ¶ 4.) Finally, the Application explains that the Garnishee is believed to be in possession of property in which judgment debtor has a substantial nonexempt interest and will owe the money or property to the judgment debtor.

Accordingly, the Application satisfies the statutory requirements. The undersigned, being otherwise sufficiently advised, **RECOMMENDS** that the Court **GRANT** the Application.

This 11th day of May, 2018.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

2

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).